UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 2:05-cv-508-FTM-33 DNF

EUGENIA CLARK, individually and
as Personal Representative of the Estate
of Erik Dorian Clark, and WILLIAM
EDWIN CLARK,

    Plaintiffs,

vs.

PRISON HEALTH SERVICES, INC.;
SHERIFF MIKE SCOTT, AS SHERIFF
OF LEE COUNTY, FLORIDA; ANDREW
PAUL SAFRON, M.D.; and MARVIN
NICOLAS, D.O.

    Defendants.
_____/

**DEFENDANTS PRISON HEALTH SERVICES, INC., ANDREW PAUL SAFRON, M.D. AND MARVIN NICHOLAS, D.O.'S ANSWER, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL TO THE AMENDED COMPLAINT**

Defendants Prison Health Services, Inc. ("PHS"), Andrew Paul Safron, M.D. ("Dr. Safron") and Marvin Nicholas, D.O. ("Dr. Nicholas") (collectively, "Medical Defendants"), file their Answer, Affirmative Defenses and Demand for Jury Trial to the Amended Complaint as follows:

    1.    The Medical Defendants deny all allegations contained in the Amended Complaint unless specifically admitted herein, and demand strict proof of all denied allegations.

    2.    PHS admits the allegations contained in paragraph 8 of the Amended Complaint to the extent that it employed Dr. Safron and Dr. Nicholas in August and September 2003.  Otherwise, the allegations contained in this paragraph are denied.

**AFFIRMATIVE DEFENSES**

1. As a first affirmative defense, the Medical Defendants state that the Amended Complaint fails to allege a claim of constitutional dimension as recognized by Federal law. Therefore, these claims are dismissible.

2. As a second affirmative defense, the Medical Defendants state that the Amended Complaint fails to adequately state a legal theory upon which liability may attach.

3. As a third affirmative defense, the Medical Defendants state that the Amended Complaint seeks damages that are unrecoverable in a section 1983 case.

4. As a fourth affirmative defense, the Medical Defendants state that the actions of third parties not under the control of the Medical Defendants were intervening causal factors. As a result of those intervening factors, the Medical Defendants bear no responsibility and/or liability for any injuries or damage which the Plaintiff might have sustained, and any liability is to be diminished in proportion to the third parties' actions.

5. As a fifth affirmative defense, the Medical Defendants state that the Amended Complaint fails the tests incorporated into the Prison Litigation Reform Act, and is therefore dismissible.

6. As a sixth affirmative defense, the Medical Defendants state that the Plaintiff's claims are barred by the applicable statute of limitations.

7. As a seventh affirmative defense, the Medical Defendants state that the Amended Complaint fails to adequately state this court's jurisdiction.

8. As an eighth affirmative defense, the Medical Defendants state that Eugenia and William Edward Clark lack standing to bring individual claims.

## JURY DEMAND

The MEDICAL DEFENDANTS demand trial by jury on all issues so triable.

      WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 27th day of January, 2006 to: C. STEVEN YERRID, ESQ., The Yerrid Law Firm, 101 E. Kennedy Boulevard, Suite 3910, Tampa, FL 33602.

                                        BUNNELL WOULFE KIRSCHBAUM KELLER
                                         McINTYRE GREGOIRE & KLEIN, P.A.
                                        One Financial Plaza, Suite 900
                                        100 Southeast Third Avenue
                                        Fort Lauderdale, FL 33394
                                        Telephone: (954) 761-8600
                                        Facsimile: (954) 463-6643
                                        Email: gat@bunnellwoulfe.com

                                        By         s/Gregg A. Toomey
                                                Gregg A. Toomey
                                                Florida Bar No. 159689